96 So.2d 563

Madie Cole McNEAL

v.

Murl McNEAL.

No. 42957.

June 28, 1957.

Philo Coco, Marksville, for defendant-appellant.

Lloyd G. Teekell and Edwin O. Ware, Alexandria, for plaintiff-appellee.

HAWTHORNE, Justice.

■ Murl McNeal, the defendant in this suit, has appealed from a judgment awarding to his wife, Mrs. Madie Cole McNeal, a separation from bed and board, custody of their four minor children, and alimony, and recognizing her as the owner of an undivided one-half interest in the community property.

In her petition plaintiff alleges numerous acts of cruel treatment and public defamation. See Art. 138, La.Civ.Code. She avers, among other things, that for some three or four months before the separation her husband often absented himself from home without explanation, frequently cursed and abused her, refused to eat at the table with her and the children, refused to sleep in the same bed with her, without justification called her a whore and a streetwalker, and in the presence of the children and a third person, a relative of his, accused her of having sexual intercourse with every man that came along. On the trial in the court below plaintiff's testimony followed the allegations of her petition. Defendant, on the other hand, for the most part denied that he had done and said the things of which she had accused him, although he admitted that he had publicly defamed her.

Appellant argues in this court that the evidence adduced at the trial of the case is not sufficient to support a judgment of separation. As we view the matter, the question for us to decide is one of fact, and its solution depends upon which of the two witnesses, the husband or the wife, is to be believed and whose testimony can be given greater credence and weight. If the testimony of the wife is accepted, she has proven her allegations of cruel treatment and public defamation and is entitled to a judgment of separation under Article 138 of the Civil Code, Subsections 3 and 4. The trial judge, who heard and observed these witnesses, evidently believed the testimony of the wife. After reading the record we cannot say that he erred in his conclusion.

■ Appellant also argues that even if this court should affirm the judgment of the lower court awarding his wife a separation from bed and board, she should not be decreed to be the owner of one-half of the community property because in her petition she failed to ask for a partition of the community.

There is no merit in this contention. Articles 136 and 155 of the Civil Code state that separation from bed and board dissolves the community of acquets and gains existing between the husband and the wife, and we know of no law, nor does appellant cite any, to the effect that her failure to ask for a partition in this suit makes it impossible for the court to grant her prayer to be recognized as the owner of one-half of the community property.

For the reasons assigned the judgment appealed from is affirmed, appellant to pay all costs.